LUISA SALAZAR,

       **Plaintiff,**

v.

**NANCY BERRYHILL**
**Acting Commissioner of the Social**
**Security Administration,**

       **Defendant.**

_____/

## ORDER

    **THIS CAUSE** comes before the Court on Plaintiff's Petition for Attorney's Fees [ECF No. 25]. The Court has reviewed the Petition and record and is otherwise fully advised. For the reasons that follow, the petition is granted.

## I.    BACKGROUND

    In July 2014, Luisa Salazar ("Plaintiff"), sought review of the Commissioner of Social Security's ("Defendant") decision denying her claim for Social Security disability insurance benefits under the Social Security Act. [ECF No. 1]. The matter was referred to Magistrate William C. Turnoff, [ECF No. 4], and Plaintiff and Defendant filed motions for summary judgment, [ECF Nos. 18 & 19].  Judge Turnoff issued a Report and Recommendation (the "Report") on April 24, 2017, affirming the decisions of the Administrative Law Judge ("ALJ"), denying Plaintiff's motion, and granting Defendant's motion. [ECF No. 21].

    This Court did not adopt Judge Turnoff's Report. On September 25, 2017, the Court issued an order granting Plaintiff's Motion for Summary Judgment, denying Defendant's Motion

for Summary Judgment, and remanding this case to the Commissioner for further proceedings. [ECF No. 24]. On June 15, 2018, Plaintiff filed a Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $4,791.47. [ECF No. 25]. On July 26, 2018, the Court entered a final judgment in this action [ECF No. 28].[1]

## II. DISCUSSION

Pursuant to the EAJA, the prevailing party in a civil action against the United States shall be awarded fees and expenses provided that within thirty (30) days of final judgment, the party submits an application for fees including an itemized statement of the time expended and the rate at which expenses were computed. 28 U.S.C. § 2412(d)(1)(A)–(B). Fees will be awarded "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

### A. Timeliness

Under Rule 58(c)(2)(B) of the Federal Rules of Civil Procedure, where a separate document is required, final judgement is entered at the date set out in the separate document or 150 days after entry in the civil docket. After judgment is entered, if one of the parties is a United States agency, parties are granted sixty (60) days to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). Once the window for appeal is closed, plaintiffs seeking attorney's fees under the EAJA have thirty (30) days to file a petition. 28 U.S.C. § 2412(d)(1)(A). Because final judgement in this action was not entered in a separate document or entered into the civil docket until July 26, 2018, Plaintiff's petition is timely.

### B. Substantial Justification

In order for the United States' position to be "substantially justified," the position must have a "reasonable basis both in law and fact." *White v. United States*, 740 F.2d 836, 839 (1984).

---

[1] The Court inadvertently failed to enter a separate final judgment at the time the case was remanded.

Although the fact that Plaintiff prevailed in this action does not "raise a presumption" that the United States was not substantially justified, the United States "bears the burden of showing that its position was substantially justified." *Id.*; *see also Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1359 (M.D. Fla. 2000) ("The burden of proving substantial justification is the Commissioner's, who must demonstrate the substantial justification of his position as a whole."). Here, this Court found that the ALJ's failure to assess the opinion of one of Plaintiff's treating psychiatrists, Dr. Espinosa-Perez, was not harmless error, and that the ALJ failed to "articulate the weight" accorded to the doctor's opinion as required by Eleventh Circuit precedent. [ECF No. 24 at 4]. Accordingly, the position of the United States was not reasonable in law. *See Enerhaul, Inc. v. Nat'l Labor Relations Bd.*, 710 F.2d 748, 751 (11th Cir. 1983) (reasoning that a position is not reasonable in law where it is at ends with binding precedent).

## III.    CONCLUSION

Based on the foregoing, it is **ORDERED AND AJUDGED** that Plaintiff's Petition for Attorney's Fees [ECF No. 25] is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $4,791.47, made payable to Plaintiff's counsel, unless Plaintiff owes a federal debt.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE